**SHIELDS PETITTI, PLC**
James Burr Shields – 011711
Paige C. Pataky – 029951
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: burr@shieldspetitti.com
E-Mail: pcp@shieldspetitti.com
E-Mail: docket@shieldspetitti.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| Julie McCollum, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| O.P.E.N. America, Inc., an Arizona corporation d/b/a OpenWorks, | |
| Defendant. | |

Plaintiff, for her cause of action against Defendant O.P.E.N. America, Inc. d/b/a OpenWorks, hereby alleges:

**GENERAL ALLEGATIONS**
**(Parties and Jurisdiction)**

1.  Plaintiff was a resident of Maricopa County, Arizona during all relevant times.

2.  Defendant O.P.E.N. America, Inc. d/b/a OpenWorks is an Arizona corporation authorized to and doing business in the State of Arizona.

1218393.1

3. Defendant has committed actions and caused events to occur in Maricopa County, Arizona, which are the foundation of this action and out of which this action arises.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 29 U.S.C. § 626, and 42 U.S.C. § 2000e-5.

5. Venue is proper under 28 U.S.C. § 1391 because the acts detailed in this Complaint occurred within the District of Arizona.

**(Nature of Action)**

6. This is an action brought by Plaintiff to vindicate violations of Title VII of the Civil Rights Act, as amended ("Tile VII") and the Age Discrimination in Employment Act, as amended ("ADEA").

**(Jury Demand)**

7. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. Plaintiff was employed by Defendant as the Chief Financial Officer from October 2014 until December 2018. Prior to working for Defendant, Plaintiff spent fifteen (15) years as a finance executive and had nearly thirty (30) years of experience in accounting.

9. Beginning in 2017, Defendant's CEO, Eric Roudi, became openly hostile to Plaintiff and interfered with her ability to perform her job, such as by refusing to let her

1218393.1

speak during executive meetings, holding impromptu meetings that interfered with her deadlines, and moving her administrative support team under the male HR Director.

10. During a meeting in August 2018, Mr. Roudi banged his fists on the table and screamed at Plaintiff and another female employee, "I will not have you two ganging up on me!" Approximately one week later, Mr. Roudi again had a disrespectful outburst directed at Plaintiff during a meeting. Plaintiff complained to the HR director that Mr. Roudi was creating a hostile working environment, but the HR Director dismissed her concerns. Shortly thereafter, another female employee resigned due to Mr. Roudi's discriminatory and abusive behavior.

11. Because of Mr. Roudi's ongoing rude and confrontational behavior, Plaintiff asked him in approximately September 2018 if he was planning on firing her. Mr. Roudi assured Plaintiff that he was not and that she would have plenty of advance notice if he intended to replace her. During this conversation, Ms. McCollum expressed her desire to remain with the company at least through the end of 2019, which was when the company's long-term incentive plan was on target to pay out.

12. Plaintiff went on vacation in November 2018 and was due to return on December 10, 2018. However, on December 9, 2018, Mr. Roudi informed Plaintiff that he had replaced her while she was gone, and the new CFO would be starting the following week.

1218393.1

13. The new CFO, Bryan McMahon, is a much younger male with approximately fifteen (15) fewer years of experience than Plaintiff. He is also paid more to perform the same functions that Plaintiff performed.

14. Defendant hired Mr. McMahon instead of a female employee who had been working under Plaintiff and was more qualified than Mr. McMahon. The female employee quit shortly after Mr. McMahon was hired.

15. Plaintiff is damaged by the wrongful acts of Defendant and its agents as herein alleged, which damage includes, without limitation, the following:

   a. Lost salary and employment benefits from the date of Plaintiff's discharge and since her discharge;

   b. Injury to Plaintiff's long-term employment and career possibilities and income potential flowing from the discriminatory and wrongful conduct by Defendant and its agents; and

   c. Injury from humiliation, trauma, extreme stress, depression, and physical and mental pain and anguish.

16. The willful and wanton misconduct on the part of Defendant is such that it justifies and award of liquidated and punitive damages.

17. All jurisdictional prerequisites to Plaintiff filing suit have been met.

18. All allegations of this Complaint are incorporated into each Claim for Relief.

1218393.1

### FIRST CLAIM FOR RELIEF
### Sex Discrimination Under Title VII

19. Plaintiff is a member of a protected class (female). The acts and conduct of Defendant, as alleged above, were in violation of Title VII. Defendant terminated Plaintiff's employment because of her gender.

20. Plaintiff is damaged by Defendant's violations of Title VII as hereinabove alleged or as proven at trial.

### SECOND CLAIM FOR RELIEF
### Age Discrimination in violation of the ADEA

21. Plaintiff was terminated because of her age.

22. At the time of her termination, Plaintiff was 56 years old and was replaced by an employee believed to be in his early 40s who has substantially less experience than Plaintiff.

23. Plaintiff is damaged by Defendant's violations of the ADEA as hereinabove alleged or as proven at trial.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendant's conduct violated Title VII and the ADEA and enjoining Defendant from conduct violating Plaintiff's rights;

1218393.1

B.    For actual, consequential and incidental damages as alleged herein or as proven at trial;

C.    For liquidated and punitive damages;

D.    For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to Title VII and the ADEA and any other applicable statute, rule, or regulation;

E.    For interest on each element of damage, cost, or attorneys' fees at the highest legal rate from the date of such damage, cost, or attorneys' fees was incurred until paid; and

F.    For such other and further relief as the Court deems just and proper.

DATED this 30th day of June, 2021.

                                SHIELDS PETITTI, PLC

                                By <u>James Burr Shields</u>
                                   James Burr Shields
                                   Paige C. Pataky
                                   5090 N. 40th Street, Suite 207
                                   Phoenix, AZ 85018
                                   *Attorneys for Plaintiff*

1218393.1